UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON,

       Plaintiff,                  Case No. 20-cv-11367
                                      Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT OF
JUSTICE, GENESEE COUNTY,

       Defendant.

_____/

**ORDER (1) SUMMARILY DISMISSING COMPLAINT
WITHOUT PREJUDICE AND (2) CERTIFYING THAT AN
APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Plaintiff Calvin Robinson is confined at the Genesee County Jail in Flint, Michigan. On May 5, 2020, Robinson, proceeding *pro se*, filed this action against the Michigan Department of Justice, Genesee County. (*See* Compl., ECF No. 1.) The Court granted Robinson's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action pursuant to 28 U.S.C. § 1915(a)(1). (*See* ECF No. 7.)

I

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court construes a *pro se* civil rights complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual

2

enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard applies fully to complaints filed by *pro se* filers. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a court's review of a complaint under § 1915(e)(2)(B) for failure to state a claim).

## II

Robinson names the Michigan Department of Justice, Genesee County as the only Defendant in this action. But his one-page Complaint asserts no factual allegations and fails to specify any unconstitutional conduct by the Defendant. In short, the Complaint fails to satisfy the minimum pleading requirements of Rule 8(a).

On June 17, 2020, Robinson filed a pleading entitled "Claim" (s*ee* ECF No. 4), which the Court construes as a supplement to Robinson's original Complaint. Robinson's supplement asks the Court to dismiss his state court conviction or reopen the state court criminal proceeding because he received ineffective assistance of counsel. Robinson's challenge to his state court conviction is not properly raised in this Complaint. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release …" *Heck v. Humphry*, 512 U.S. 677, 481 (1994). For this reason,

3

Robinson's supplement fails to state a claim and will be dismissed without prejudice.[1]

## III

For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Robinson's Complaint and Supplement (ECF Nos. 1, 4) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[1] *See Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 767 (6th Cir. 2015) (claims dismissed under *Heck* are typically dismissals without prejudice).